CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
HOWARD SHNEIDER (Bar No. 309492)
(E-Mail: howard_shneider@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
NATHAN WILSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>NATHAN WILSON,<br><br>　　　　　Defendant. | Case No. CR 20-516-FMO-1<br><br>**NATHAN WILSON'S BRIEF IN SUPPORT OF PRETRIAL RELEASE** |

Nathan Wilson, through his counsel, files this brief in support of pretrial release to provide more details about the proposed release plan, bail resources, and release conditions. Wilson requests a bail review hearing before the Magistrate Judge since he is putting forward a new bond package. Defense counsel conferred with Assistant United States Attorney Sara Milstein, who indicated that she will be unavailable until June 8, 2021, so Wilson requests a hearing on June 8 or a date thereafter.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　Federal Public Defender

DATED: May 25, 2021　　　　　By　*/s/ Howard Shneider*
　　　　　　　　　　　　　　　　Howard Shneider
　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　Attorney for Nathan Wilson

1

# MEMORANDUM OF POINTS AND AUTHORITIES

At the time of Nathan Wilson's initial appearance on October 13, 2020, he had only one available surety, his girlfriend Aundrella Dennings. The Court ordered him detained as both a risk of nonappearance and a danger to the community. Dkt. No. 10. Wilson filed a bail review application, where he put forward $20,000 in bond supported by unsecured affidavits of surety signed by his friend Angel Aguirre and his girlfriend Dennings. *See* Dkt. Nos. 23, 24, 26, 28, 33 (pleadings related to first bail review application). Magistrate Judge Rozella A. Oliver held a hearing and denied bail. *See* Dkt. No. 45 (hearing transcript). As part of the Court's analysis, Judge Rozella concluded that Dennings was not a viable surety.

Wilson appealed the bail denial to District Judge Fernando M. Olguin, who held a hearing on January 28, 2021. At the hearing, Judge Olguin explained that conditions of release could be fashioned, but that the conditions Wilson proposed at the time were not sufficient to address the risk of nonappearance and danger to the community. Dkt. No. 51. Judge Olguin also concluded that Dennings was not a viable surety. Wilson then filed another bail review application before Judge Olguin, proposing an alternative release plan in which he would live in transitional housing or a sober living facility. *See* Dkt. Nos. 59, 63, 64, 65 (pleadings related to most recent bail application before District Judge). Judge Olguin denied bond again, this time without a hearing. Dkt. No. 70.

Wilson now returns to the Court seeking bail with a new release plan and additional bail resources. Both the Magistrate Judge and District Judge expressed concern with the prospect of Wilson living with his girlfriend Dennings. To address those concerns, Wilson now proposes a release plan in which he would live with his sister, Nicole Wilson. Nicole lives in Red Bluff, California, which is a small city about 130 miles north of Sacramento. Nicole is 26 years old and lives in a two-bedroom apartment with her two young daughters. This living arrangement would alleviate the Court's concerns regarding Wilson being in close proximity to Dennings. The release

2

plan would also allow Wilson to live somewhere far removed from the alleged conduct in the pending case.

Regarding bail resources, Wilson now puts forward a total of $15,000, which consists of $5,000 to be deposited with the clerk of the court and a $10,000 unsecured affidavit of surety signed by Wilson's friend Angel Aguirre. Since both the Magistrate Judge and District Judge found Dennings was not a viable surety, as a practical matter Wilson only put forward $10,000 when he previously requested bail. Now he has an additional $5,000 that can be deposited with the clerk of the court. Such a deposit will create a strong incentive for Wilson to comply with the terms of pretrial release. The cash amount will serve as an imminent loss hanging over Wilson's head should he violate any of the conditions of pretrial release. Accordingly, the proposed bail resources will appropriately mitigate the risk of nonappearance and perceived danger to the community.

As far as bail conditions go, Wilson requests location monitoring, a mental health evaluation and treatment, a requirement to seek employment, and any other conditions the Court deems necessary.

Wilson incorporates the same legal arguments regarding the standard for bond and the reasons bond is appropriate that were outlined in his previous arguments before the Magistrate Judge in support of bail. *See* Dkt. Nos. 24, 28, 45. With those legal arguments in mind, combined with the new proposed release plan, bail resources, and conditions of release, bail is appropriate here.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 25, 2021         By  */s/ Howard Shneider*

Howard Shneider
Deputy Federal Public Defender
Attorney for Nathan Wilson