CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
HOWARD SHNEIDER (Bar No. 309492)
(E-Mail: howard_shneider@fd.org)
GABRIELA C. RIVERA (Bar No. 283633)
(E-Mail: gabriela_rivera@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
NATHAN WILSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN WILSON and<br>CHRISTOPHER BEASLEY,<br><br>Defendant. | Case No. CR 20-516-FMO<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION AND REQUEST FOR STAY OF COURT'S ORDER OF AUGUST 12, 2022** |

Nathan Wilson and Christopher Beasley, through their counsel, file their opposition to the government's motion for reconsideration and request for stay of the Court's August 12, 2022 order compelling the production of requested discovery. Dkt. 207.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 29, 2022    By  /s/ Howard Shneider
                                 Howard Shneider
                                 Gabriela Rivera
                                 Deputy Federal Public Defenders
                                 Attorneys for Nathan Wilson

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. PROCEDURAL HISTORY ....................................................................................... 2

III. ARGUMENT ............................................................................................................ 3

    A.    The government's motion is procedurally barred because the government fails to put forward any viable grounds to support reconsideration of the Court's Order. ........................................................... 3

        1.    There is no newly discovered evidence or intervening change in controlling law to justify the motion for reconsideration. ................. 4

        2.    The government fails to show the Court committed clear error or a manifest failure to consider material facts. ...................................... 7

    B.    The proper sanction is to reinstate the discovery order, order that the discovery be produced forthwith, and set a hearing for contempt proceedings should the government fail to comply. .................................... 7

IV. CONCLUSION ....................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Admiral Insurance Co. v. United States District Court*,
  881 F.2d 1486 (9th Cir. 1989) .................................................................................. 1, 8

*Am. Unites for Kids v. Rousseau*,
  985 F.3d 1075 (9th Cir. 2021) .................................................................................. 2, 9

*Backlund v. Barnhart*,
  778 F.2d 1386 (9th Cir. 1985) ...................................................................................... 4

*McConnell v. MEBA Medical & Benefits Plan*,
  759 F.2d 1401 (9th Cir. 1985) ...................................................................................... 4

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ...................................................................................... 1, 3

*United States v. Griffin*,
  549 F. Supp. 3d 49 (D.D.C. 2021) ............................................................................ 5, 6

*United States v. Judd*,
  No. 1:21-CR-00040 (TNM), 2021 WL 6134590 (D.D.C. Dec. 28,
  2021) ........................................................................................................................ 5, 6

*United States v. Rhodes*,
  No. 22-CR-15 (APM), 2022 WL 3042200 (D.D.C. Aug. 2, 2022) ............................... 6

*United States v. W.R. Grace*,
  526 F.3d 499 (9th Cir. 2008) ........................................................................................ 9

**Statutes**

18 U.S.C. § 401 ................................................................................................................ 2, 9

18 U.S.C. § 3731 .............................................................................................................. 1, 8

28 U.S.C. § 1291 .............................................................................................................. 1, 8

**Other Authorities**

F. R. Civ. P. 37(b)(2)(A)(vii) ............................................................................................ 2, 9

F. R. Civ. P. 59(e) ......................................................................................................... 1, 3, 7

F. R. Civ. P. 60(b) .................................................................................................................. 3

## **TABLE OF AUTHORITIES**

Page(s)

Local Rule 7-18 ................................................................................................. 1, 4, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government's motion for reconsideration impermissibly repackages the same arguments, relying upon the same authority, that this Court has already considered and rejected. Dkt. 205. Nothing in the government's motion changes the analysis and conclusion of the Court's Order requiring the government to disclose the requested discovery.

Neither the Federal Rules nor the Local Rules permit the government to reiterate arguments already considered by the Court. Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration is only proper "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Local Rule 7-18 sets out that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." C.D. Cal. Local Rule 7-18. Because the government's motion for reconsideration repeats facts and arguments already considered by the Court and does not comply with the Federal Rules or the Local Rules, the Court should deny the motion.

The Court should also reject the government's proposed remedy of dismissal. That proposal is designed to manipulate and subvert the rules, and to convert the Court's unappealable discovery order into an appealable order. Under 18 U.S.C. § 3731, the government is not permitted to appeal a discovery order, but is permitted to appeal a court order dismissing the indictment. *See* 18 U.S.C. § 3731 (listing bases for the government to file an interlocutory appeal, which includes "appeals from a decision, judgment, or order of a district court dismissing an indictment"); 28 U.S.C. § 1291; *Admiral Insurance Co. v. United States District Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) (discovery orders not immediately appealable).

The proper sanction here is not dismissal, which would reward the government's noncompliance by allowing for an appeal. Instead, the proper sanction is to set a hearing at which the government should be required to show cause as to why it is not in contempt for failing to obey a court order. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (describing a court's inherent power to manage its own affairs and fashion appropriate sanctions as needed); 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority[.]"); F. R. Civ. P. 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination").

Accordingly, the defendants request that the Court deny the government's motion for reconsideration, order the government to produce discovery forthwith, and set a hearing for contempt a week after denial of the motion for reconsideration in the event the government fails to comply.

## II. PROCEDURAL HISTORY

On October 23, 2020, the government filed a one-count indictment charging Nathan Wilson and Christopher Beasley under the federal arson statute. Dkt. 11.[1] On May 14, 2021, Wilson requested pertinent discovery from the government in furtherance of a selective prosecution claim. On October 12, 2021, after the government refused to produce any of the requested discovery, Wilson filed a motion to dismiss, and, in the alternative, to compel the production of the requested discovery. Dkt. 130. Beasley joined in the motion. Dkt. 132. The basis for the motion was a claim of selective prosecution. The government opposed the motion. Dkt. 148.

On August 12, 2022, the Court granted the motion, in part, and ordered the government to produce the requested discovery and a privilege log for any redacted or

---

[1] The government later filed a superseding indictment charging Wilson and Beasley with attempted arson instead of the completed crime. Dkt. 185.

2

1 withheld materials. Dkt. 205. The deadline to comply with the Court's Order was
2 August 26, 2022. Dkt. 205. In response, on August 26 the government filed a motion
3 requesting that the Court reconsider its previous ruling. Dkt. 207. The government
4 further asked—in the event the Court denied the motion for reconsideration—that the
5 Court dismiss the indictment and then stay the dismissal to allow the government to
6 appeal the dismissal order. The motion, however, also states that the government does
7 *not* intend to move to dismiss the indictment on its own. Mot., Dkt. 207, at 3 n.2; 20
8 n.8.

In the Court's order modifying the briefing schedule on the government's motion for reconsideration, the Court noted that "[i]n the event that the court denies the government's motion for reconsideration, the government shall be prepared to provide the discovery forthwith upon the court's denial of the motion." Dkt. 211.

### III. ARGUMENT

**A. The government's motion is procedurally barred because the government fails to put forward any viable grounds to support reconsideration of the Court's Order.**

The law is clear that a motion for reconsideration is not to be abused as a way to rehash arguments that the parties have already made or could have made. Yet, in violation of these rules, the government's motion does just that.

A motion for reconsideration is generally brought under Federal Rule of Civil Procedure 59(e) or 60(b). Under Rule 59(e), a motion for reconsideration is proper only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263.

Under Rule 60(b), reconsideration should be granted only "if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Relief

3

under exception (6) requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (citing *McConnell v. MEBA Medical & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)).

Further, Local Rule 7-18—the only rule cited by the government—states that it is improper for the party seeking reconsideration to use this measure to reiterate arguments already decided by the Court. The rule provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. *No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.*

C.D. Cal. Local Rule 7-18 (emphasis added).

**1.     There is no newly discovered evidence or intervening change in controlling law to justify the motion for reconsideration.**

The government does not articulate any grounds that would justify reconsideration of the Court's order. Although the Federal Rules and Local Rules state the standard somewhat differently, the applicable rules all require either newly discovered evidence, an intervening change in the law, or a clear error in the Court's initial ruling to support reconsideration of a previous order.

The government does not, however, present any newly discovered evidence and does not cite an intervening change in the law. To the contrary, the government's

4

arguments in the motion for reconsideration simply restate the same arguments made in its opposition. *See* Appendix A (documenting arguments made in motion for reconsideration vs. arguments made in opposition). As if to emphasize this point, the government repeatedly references the fact that the Court previously considered the facts and the government's arguments, but, in the government's view, reached the wrong conclusion. *See, e.g.*, Mot. at 10 ("The Court also dismissed the government's concerns with defendants' control group as complaints about statistical reliability."); *id.* at 11 ("When the government pointed out the deficiencies in defendants' comparison group, the Court marshaled those deficiencies as a reason to supply discovery to the defense."); *id.* at 18 (explaining that "the Court recognized the *Beal* and *Wright* cases were two non-protest related arson prosecutions that occurred around the same time as the instant case," but arguing that the Court wrongly interpreted the significance of those cases).

The only arguable new law or facts that the government cited were district court decisions regarding the January 6 cases. Mot. at 15-17. But any out-of-circuit district court decisions regarding the January 6 cases do not represent an intervening change in the law, because they do not change the standard set forth in *Armstrong* for a selective prosecution claim.

Moreover, the January 6 cases involved a vastly different set of facts and completely different group of defendants. One group of Capitol riot defendants argued they were selectively prosecuted because of their far-right political beliefs, while a group of left-leaning protestors in Oregon were not prosecuted. *See* Mot. at 16 (citing *United States v. Judd*, No. 1:21-CR-00040 (TNM), 2021 WL 6134590, at *3 (D.D.C. Dec. 28, 2021)). And another Capitol riot defendant argued selective prosecution because other people at the Capitol that day, who were engaged in less egregious conduct, were not prosecuted. *See* Mot. at 16-17 (citing *United States v. Griffin*, 549 F. Supp. 3d 49, 58 (D.D.C. 2021)).

//

5

Unlike the issues presented in the January 6 cases, Wilson and Beasley argued they were subject to impermissible selective prosecution because the U.S. Attorney's Office for the Central District of California virtually never charges standalone arson cases, even though arson is prevalent in the District. Put differently, the problem in this case is that one group of defendants was federally prosecuted for perceived political views for committing the exact same conduct as another group of people who were never federally prosecuted, all within the same district. Unlike in the Capitol riot cases, where the arguments dealt with a control group in another part of the country (*Judd*) or people whose conduct was markedly different than the defendant's (*Griffin*), the selective prosecution claim here is well grounded. Accordingly, the January 6 cases do not bear on the arguments in Wilson and Beasley's case.

The government cites one additional January 6 case for the proposition that public statements by the President and Attorney General are not evidence of discriminatory motive. *See* Mot. at 17 (citing *United States v. Rhodes*, No. 22-CR-15 (APM), 2022 WL 3042200, at *5 (D.D.C. Aug. 2, 2022)). But the government made this same argument in its opposition. *See* Opp'n, Dkt. 148, at 11-12. Thus, the citation to *Rhodes* adds nothing new.

In addition, one of the January 6 cases the government cited, *Griffin*, was decided on July 2, 2021, well before the government filed its opposition on November 12, 2021. And as to the other two January 6 cases (*Judd* and *Rhodes*), if the government viewed those cases as critical to its argument, it could and should have filed a notice of supplementary authority when those decisions were issued; not waited until after the Court's Order to raise those out-of-circuit district court cases for the first time.

At bottom, the government simply has not come forward with new facts or new law to justify its motion for reconsideration.

//
//
//

**2. The government fails to show the Court committed clear error or a manifest failure to consider material facts.**

Although the government does not come out and say so, its basis for reconsideration appears to be that the Court committed clear error, Fed. R. Civ. P. 59(e), or failed to consider material facts, C.D. Cal. Local Rule 7-18. But the government's disagreement with the Court's analysis and decision does not satisfy the high bar for reconsideration on this basis. The government fails to cite any cases that explain what, exactly, would constitute clear error or a manifest failure to consider material facts. Instead, the government simply reasserts and repackages the arguments in its opposition in the hopes the Court will reconsider its Order.

In the motion to dismiss, the defendants argued for dismissal, or a discovery order, based on a showing of discriminatory effect and discriminatory purpose to establish a claim of selective prosecution. The government then had a full opportunity to respond to the arguments in its opposition. This Court thoughtfully considered the government's legal arguments, but ultimately disagreed with the government's position and ordered the production of discovery.

The government may disagree with the Court's conclusion, but it is not free to disregard the Court's Order. In an effort to get around the Order, the government is abusing the motion for reconsideration framework in an attempt to relitigate issues already decided by this Court. Because the government has fallen far short of showing clear error or manifest failure to consider material facts, it has failed to meet the threshold showing for reconsideration.

**B. The proper sanction is to reinstate the discovery order, order that the discovery be produced forthwith, and set a hearing for contempt proceedings should the government fail to comply.**

By asking the Court to *sua sponte* dismiss the indictment, the government is using its motion for reconsideration as a vehicle to appeal a decision with which it disagrees when an appeal is not otherwise permitted. Discovery orders, such as the one

issued by the Court here, are not final and are not immediately appealable. *See* 28 U.S.C. § 1291; *Admiral Insurance Co. v. United States District Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) (discovery orders not immediately appealable). And under 18 U.S.C. § 3731, the government is not permitted to appeal a discovery order, but is permitted to appeal a court order dismissing the indictment. *See* 18 U.S.C. § 3731 (listing bases for the government to file an interlocutory appeal, which includes "appeals from a decision, judgment, or order of a district court dismissing an indictment").

With this applicable law in mind, the government asks that if the Court denies the motion for reconsideration, that it then dismiss the indictment as a remedy. Mot. at 19-20. But in the same breath as its request for the *Court* to dismiss the indictment, the government makes clear that the *government* will not be moving for dismissal. *See* Mot. at 20 n.8 ("In making this request, the government is not moving to dismiss the indictments in this case. Instead, the government asks for the same remedy that Judge Marshall ordered in *Armstrong*."). In doing so, the government makes a transparent attempt to enlist the Court in the government's effort to subvert the rules, and to recast an unappealable discovery order as an appealable order dismissing the indictment. That would be improper.

Because the government makes clear that it does not intend to comply with the Court's discovery order, the Court will be confronted with a decision about appropriate sanctions. As mentioned, dismissing the indictment as the government prefers would be wrong. Under the circumstances here, where the government states its intent to flout the Court's Order, the appropriate remedy is to a set a hearing at which the government must show cause as to why it should not be held in contempt.

The Court has the power to hold the government in contempt as a sanction under various sources of authority. One such source of authority is the Court's inherent power as a federal district court. "Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and

8

1 expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075,
2 1088 (9th Cir. 2021) (cleaned up). These inherent powers give district courts the
3 authority "to manage their cases and courtrooms effectively and to ensure obedience to
4 their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (cleaned
5 up). That authority includes the option to punish the parties before the court for failure
6 to comply with court orders. *See Rousseau*, 985 F.3d at 1088 ("This power includes the
7 ability to punish conduct before the court as well as actions beyond the court's
8 confines, regardless of whether that conduct interfered with courtroom proceedings.").

9 The Court also has statutory authority to hold the government in contempt under
10 18 U.S.C. § 401, which establishes that "[a] court of the United States shall have power
11 to punish by fine or imprisonment, or both, at its discretion, such contempt of its
12 authority[.]" And, by analogy, the Federal Rules of Civil Procedure also grant the Court
13 power to impose contempt as a sanction when a party fails to comply with a discovery
14 order. *See* F. R. Civ. P. 37(b)(2)(A)(vii) (listing "contempt of court [for] the failure to
15 obey any order" as a possible sanction).

16 Should the Court deny the motion for reconsideration, it should reinstate the
17 discovery order and require the government to provide discovery forthwith.[2] In
18 addition, because the government has telegraphed its intention to disobey a discovery
19 order, the Court should set a hearing one week after denial of the motion, at which time
20 the Court could determine whether the government should be held in contempt for
21 failing to comply with the Court's Order. If the government fully complies with the
22 Order and produces all the requested discovery or dismisses the indictment before that
23 date, then the Court could take the hearing for contempt proceedings off calendar.

---

[2] The Court already signaled that the government should be ready to produce the discovery forthwith should the Court deny the motion for reconsideration. *See* Dkt. 211 ("In the event that the court denies the government's motion for reconsideration, the government shall be prepared to provide the discovery forthwith upon the court's denial of the motion.").

9

## IV. CONCLUSION

The government has not demonstrated any grounds to support filing a motion for reconsideration and no such grounds exist. Therefore, the motion does not comply with the Federal Rules of Civil Procedure or the Central District's Local Rules. The Court should deny the motion.

After denying the motion, the Court should reinstate its previous discovery order and require compliance forthwith. The Court should also set a hearing for one week after the Order is reinstated to determine whether the government should be held in contempt if it fails to comply with the Court's Order.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 29, 2022    By  */s/ Howard Shneider*
Howard Shneider
Gabriela Rivera
Deputy Federal Public Defenders
Attorneys for Nathan Wilson